## JAMES *a.* OAKLEY.

*New York Superior Court, Special Term ; March,* 1855.

### MORTGAGE SECURITY.—USURY.

A mortgagor of chattels cannot, after sale of the chattels to a third party, sustain an action to cancel the mortgage and notes secured by it, and to enjoin proceedings to enforce it, on the ground of usury in the loan for which it was given.

*It seems.* that the purchaser of property subject to a mortgage, cannot avoid the mortgage on the ground of usury.

Application for an injunction to restrain the foreclosure of a chattel mortgage, and sale of the property, on the ground of usury in the loan.

*S. Sanxay,* for plaintiff.

*J. S. Jenness,* for defendant.

HOFFMAN, J.—The plaintiff on the 7th day of October, 1854, borrowed of the defendant the sum of $2000, to be repaid in equal amounts, in six monthly payments; for which he gave six promissory notes, for $333 33 each; and, as security, executed a chattel mortgage upon thirty sewing machines, described in the complaint. The loan is alleged to have been usurious by an exaction and taking of ten cents a day upon every hundred dollars of the amount; and that for three months the usury was actually paid. The defendant threatens to take possession of the property, and to apply it in satisfaction of his demand. The prayer is, that the notes and mortgage be cancelled, and an injunction issue, restraining the defendant from any proceedings to enforce the security.

The defendant has taken possession and advertised the property for sale.

The case made by the affidavits of the defendant in opposition to the motion, is this: that the plaintiff, the mortgagor, had sold, in January last, all the property covered by the mortgage, to one Alfred Hyde; that Hyde had agreed to assume and pay the mortgage, and had several times informed

the defendant that he would pay it, and was about to pay it off.

The allegation is sustained by several affidavits, besides the defendant's shewing declarations of Hyde, that he had made the purchase, and declarations of the plaintiff, that he had sold to Hyde. Oakley, it is to be observed, does not deny the usury. His statement in the last clause of his affidavit cannot be treated as such a denial.

One of the deponents (I. W. Somerindyke,) swears, that he was shown by Hyde what purported to be a bill of sale from James, the plaintiff, to him, of the property in question.

These affidavits show in the first instance, at any rate, that the plaintiff has no longer any right or title in the property, which will enable him to sustain an action concerning it. There is no affidavit of Hyde produced or offered tending to disprove these facts; but Alfred Hyde is one of the plaintiff's sureties in the undertaking.

It may be, that this is a scheme to cancel the mortgage for his benefit, when, as purchaser, he himself could not avoid it, on the ground of usury. (Post *v.* the Bank of Utica, 7 *Hill*, 393. Wells *v.* Gibson, 4 *Sand. Ch. Rep.*, 337). But without entering upon that question, it is sufficient to say, that the plaintiff appears not to have at present any right or interest in the property.

The motion for the injunction must be denied, with ten dollars costs, and the order for the temporary injunction, made the 23d day of February last, be vacated.